IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,         Case No. 3:04 CV 7559

   -vs-

                                     MEMORANDUM OPINION
DAVID SHORT,                        AND ORDER

               Defendant.

KATZ, J.

In 2004, the government filed this suit, pursuing defendants David Short and Deborah Short for taxes the IRS assessed but were unpaid by the Shorts in tax years 1991-1998, 2000, and 2001. Soon after, at a case management conference, the Court set several deadlines, including July 25, 2005 as the deadline for amending pleadings and adding parties. Doc. 10. The Court chose the July 25 date based on the government's suggestion in its planning report. Doc. 9. At a July 18 phone status conference, the Shorts said they were considering filing bankruptcy and the Court issued an order (Doc. 13) granting them two weeks in which to file and setting other deadlines if they chose not to file. The Shorts filed a petition for voluntary bankruptcy under Chapter 7 on September 30, 2005. *In re: David E. Short and Deborah L. Short*, No. 05-71202-rls (Bankr. N.D. Ohio filed Sep. 30, 2005). On receiving notice of the pending bankruptcy, this the Court entered an order staying proceedings and closing the case subject to reopening at the government's request, "after either a dismissal of the bankruptcy case, or the granting of relief from the stay imposed by Section 362 of the Bankruptcy Code, or any injunction imposed by virtue of Section 524 of the Bankruptcy Code." Doc. 18.

Without further interaction from this Court, the bankruptcy court issued a discharge and closed that case a few months later. Six years later, the government filed the instant motion asking

this Court to reopen the original case (that is, *United States of America v. Short* et al.) and for leave to file an amended complaint. Doc 19. The proposed amended complaint would: add money judgments for additional years not included in the complaint or the subsequent bankruptcy; add a claim to enforce liens associated with the unpaid taxes for the years that were in the original complaint; add parties that have an interest in the property on which the government seeks to enforce liens; and remove the money judgment for the years discharged in the bankruptcy. The Shorts oppose reopening the case and oppose allowing the government to amend its complaint.

Although the government moves to reopen the closed case, it provides no rule under which the Court has authority. Were this just a matter of reopening the case as provided in the Court's October 6, 2005 order ("… subject to reopening upon written motion of the plaintiff, or any other proper party of interest …" doc. 18), no further rule would be required. The case, however, does not stand in that position. The Court's 2005 order provides for the reopening on the occurrence of one of three things: (1) dismissal of the bankruptcy case, (2) a grant of relief from the stay imposed by Section 362 of the Bankruptcy Code, or (3) a grant of relief of the injunction imposed by Section 524 of the Bankruptcy Code. Doc. 18. Looking at the record, none of these three events appears to have happened. First, the bankruptcy proceeded to discharge and did not end in dismissal. Second, there is no indication that the government sought or obtained relief from the automatic stay (11 U.S.C. § 362). Third, the government does not claim any relief from the discharge injunction imposed by Section 524 of the Bankruptcy Code. In fact, the government claims the opposite in its motion: "Although the United States can no longer seek a money judgment against the Shorts for the tax periods that were personally discharged in their bankruptcy, the United States may still seek to enforce the pre-bankruptcy liens associated with

those tax periods." Motion to Re-Open, doc. 19. This uncontroverted statement indicates the government acknowledges that the discharge injunction continues to bind it, so no relief from that has been granted.

Without being able to rely on the conditions the Court created in the 2005 order for reopening the matter, the Court must find other authority for doing so. The government does not expound on the method or rule the Court would use to move from the unmet conditions for reopening established in 2005 to reopening for another reason. See Memorandum in Support, doc. 19-1 at 3-5. In spite of this, the Court could consider the motion to reopen under Federal Rule of Civil Procedure 60(b). That rule would allow the Court to relieve the government from the order closing the case. To avail itself of this relief, the government would have to show a justifying reason. Rule 60(b), subsection (6) appears to be the only one meriting discussion because subsections (1) - (3) under Rule 60(b) must be brought within one year and the government has not provided an indication that subsections (4) and (5), which both textually refer to the application of a judgment rather than an order, are applicable.

Rule 60(b)(6) creates a rigorous standard for relief from an order. *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (noting that any relief under Rule 60(b) is disfavored, and subsection (6), "applies 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Id.* (*quoting Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Thus, if the government's long delay in seeking relief from the order closing this case was due to "mistake, inadvertence, surprise, or excusable neglect," as expressed in subsection (1), it could not seek the extraordinary remedy of, "any other reason that justifies relief," as subsection (6) allows. *Ford*

3

*Motor Co. v. Mustangs Unlimited Inc.*, 487 F.3d at 468-469; *see also Smith v. Sec'y of Health & Human Services*, 776 F.2d 1330, 1333 (6th Cir. 1985) ("The December 29, 1982 motion focused exclusively on the misplaced transcript, which we noted earlier fell within the excusable neglect clause of Rule 60(b)(1). Since we interpret the request for relief as coming under clause (b)(1), clause (b)(6) would not apply."). The government's motion focuses on justifying granting leave to amend the complaint under Rule 15. That leave, the government correctly points out, should be freely given by the Court when justice so requires amendment. Fed. R. Civ. P. 15(a)(2). The government cites cases which indicate that leave to amend is often the Court's default position (*see e.g., Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1293 (6th Cir. 1974) ("Normally, federal courts favor liberality in permitting amendments to pleadings.")), and that leave to amend is only denied, "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (quotation omitted). Because it directed its focus to the more liberal standard for amending pleadings, the government has not provided the Court with justification for the stringent Rule 60(b)(6) standard.

The Court must deny the portion of the motion dedicated to reopening the matter; before it could grant the motion to reopen the case, the Court would need the power to do so. That power is not created in the Court's 2005 order since the conditions precedent were not met. Analyzing the government's motion as a Rule 60(b)(6) request for relief from the order closing the case, the Court must deny the motion because neither the government's pleadings nor the facts available in the record demonstrate that the government can show it meets the strict Rule 60(b) standard.

4

Even if the government had met the standard for reopening the case, it struggles with the second of its two proposed modifications to the complaint. The first modification, entitled Count One on the proposed amended complaint, would add claims for tax years that were not included in the Shorts' bankruptcy (years 2002-2006 and 2010). By all appearances, this modification may have been allowable under Rule 15(d) if the government had met the Rule 60(b) standard because 15(d) permits a party to supplement a complaint with claims that occurred after the date of the original complaint. However, the second modification, entitled Count Two on the proposed amended complaint, does not appear to find support under Rule 15(c), which references the relation-back doctrine. *See* Fed. R. Civ. P. 15(c). Rule 15(c) allows a party to amend a complaint to add a claim or substitute a party in situations where, were the complaint brought today, it would be time-barred. *See generally Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485, 2489 (2010) ("Rule 15(c) of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations."). However, in order to enforce its liens against the Shorts, the government needs to amend its complaint to both add the lien enforcement and include other parties with an interest in the Shorts' property (namely, Mid American National Bank and Trust Company; SBD, Limited; and the State of Ohio, Department of Taxation). See 26 U.S.C. § 7403(b) ("All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."); *United States v. Big Value Supermarkets, Inc.*, 898 F.2d 493, 496 (6th Cir. 1990) ("It is settled federal law that the United States may seize and sell both real and personal property of the taxpayer, both tangible and intangible, to satisfy its liens.

5

However, federal law requires the government to join all parties who have an interest in the property so that the proceeds of the sale are correctly distributed." (citations omitted)).

To add the claim to enforce the liens (which must include adding the three parties), the government would need to show three things. First, it must show that "the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out … in the original pleading." Fed. R. Civ. P. 15(c)(1)(B) (incorporated into the requirement to add a party under Rule 15(c)(1)(C) by the subsection (C) language, "if Rule 15(c)(1)(B) is satisfied and if . . ." Rule 15(c)(1)(C)). Second, it must show that the party being added had notice so that it is not prejudiced. Fed. R. Civ. P. 15(c)(1)(C)(i). Third, the government must show that the party to be added knew or should have known that the action would have been brought against it but for a mistake in the party's identity. Fed. R. Civ. P. 15(c)(1)(C)(ii). In this case, the government makes a persuasive argument for meeting the first requirement, advances a novel, but ultimately unpersuasive, argument for the second, but does not address the third, which, based on the facts, appears to be lacking.

Regarding the initial requirement, the government argues that the transaction or occurrence underlying the suit is the Shorts' failure to pay federal taxes when due in the relevant tax years. The amended claim, which asks for enforcement of the liens created from those same years, stems from the same failure to pay as the original claim, which was for a personal money judgment against the Shorts. While the Shorts argue that the enforcement of liens is a distinct action from a personal money judgment, they do not directly address the Rule 15 standard. *See generally United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007) ("Rule 15(c) is 'based on the notion that once litigation involving particular conduct or a given transaction or

6

occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence.'" (*quoting Brown v. Shaner*, 172 F.3d 927, 932 (6th Cir. 1999))). The relation back doctrine allows exactly what the government proposes; bringing a distinct claim on the same set of transactions (namely, failing to pay taxes in full in each of the relevant tax years) and the government has met the standard required under Rule 15(c)(1)(B) (and incorporated into subsection (C)). *Hall v. Spencer County, Ky.*, 583 F.3d 930, 934 (6th Cir. 2009) ("[The amended complaint] merely asserts a new legal theory arising out of the same occurrence as asserted in the original complaint. It thus satisfies our test for relation back under the liberal standard required by Rule 15(c).").

      When addressing the second requirement, the government posits that the three parties with an interest in the Shorts' real estate received notice and thus would not suffer prejudice. The government avers, and the Shorts do not otherwise argue, that it properly filed liens with the county recorder's office. The Shorts maintain that the other interested parties would be prejudiced because they were under the impression that the collection action stopped with the bankruptcy and they acted in reliance on this, as if the threat of foreclosure was no longer real. Neither party precisely addresses the notification and prejudice standard expressed in Rule 15(c). The rule requires that each of the potential defendants received notice of the action within 120 days of the government bringing it. Fed. R. Civ. P. 15(c)(1)(C) (requiring "notice of the action" to the potential, yet unnamed, defendant within Rule 4(m)'s period for serving a summons). While a properly filed lien may provide notice to the world of the existence of a lien or claim, it does not, in and of itself, provide notice of the action to enforce the lien in court. That is, notice of the filing

7

of a lien is entirely distinct from notice of commencement of an action to enforce that lien and the text of the rule requires the latter. In its briefing, the government focuses on whether the lien provided notice to the world of its claim against the Shorts, but does not provide any authority or basis in fact to conclude that the filed lien provided notice of this action (that is, *United States v. Short* et al.) to the three defendants it wishes to add. The government does point out that the three potential defendants may not be able to show actual prejudice even if they did not know about this suit because their potential loss is no different than the loss they were (or should have been) aware of due to the filing of the tax liens. The Court need not resolve the chasm between common definitions of prejudice and the strict text of the rules since the government cannot meet the third requirement.

The third requirement to complete this amendment, found in Rule 15(c)(1)(C)(ii), is lacking. Even if the government could prevail on both the first two essential elements, it cannot amend the complaint to add the three parties with an interest in the property. The relation back doctrine's standard for adding parties is limited to substituting parties based on error, not adding parties on separate theories. According to the proposed complaint, all three parties to be added are parties with an interest in the property on which the government seeks to enforce its liens and the government must add them to properly bring such an action. 26 U.S.C. § 7403(b). Adding a party (as opposed to substituting a party) brings a new claim and does not fall under Rule 15(c). *In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) ("[T]he precedent of this circuit clearly holds that "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." (*quoting Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir. 1973)). Even where the Court of Appeals

allowed the replacement of a single defendant with two defendants, it did so only on the finding that both defendants were successors in interest to the defunct original defendant. *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403, 405 (6th Cir. 1982). The Court can find no support (and the government has provided no support) for using Rule 15(c)'s relation back doctrine to add a new party on a new legal theory years after the original complaint. The government does not seek to substitute Mid Am Bank, SBD, and the State of Ohio under the theory that they were the actual parties in interest and it mistakenly proceeded against the Shorts. Instead, the government seeks to add them to the current claim in order to foreclose on its liens, which it did not seek in the first complaint. The attempt to add these three parties is beyond the scope of the Rule 15(c) relation back standard for amending pleadings. Without the ability to add the parties, the government cannot bring a claim to enforce the liens. Therefore, the government cannot amend the complaint to include the second claim.

In conclusion, the Court must deny the government's motion to reopen this case and to file an amended complaint. The motion does not demonstrate that reopening the case would fit within the terms created in the Court's 2005 order, nor does it demonstrate that the Court could justify the reopening under Federal Rule of Civil Procedure 60(b). Without reopening the matter, the request to amend the complaint is moot. However, even if the Court was to reopen the matter, only the unopposed amendment to remove the claim for a money judgment for the tax years discharged in bankruptcy and the proposed claim for the unpaid post-bankruptcy years would be allowable. The Court would have to deny the government's proposed second claim; the relation back doctrine does not support the addition of the three new parties and the government's claim for lien enforcement fails without the addition of those parties.

As a result, the government's motion to reopen the case and for leave to file an amended complaint (Doc. 19) is denied.

                                                    s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE